IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STACY LEE HALE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-0412-DGK-SSA ) |
| ANDREW SAUL,<br>Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Stacy Hale's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had numerous severe impairments, but she retained the residual functional capacity ("RFC") to work as a document preparer, semiconductor bonder, and ampoule sealer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her applications for disability insurance benefits and SSI on July 7, 2016, alleging a disability onset date of May 1, 2013. The Commissioner denied the applications at the

initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on October 3, 2018, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on March 31, 2019, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Four because the RFC determination is legally flawed, as well as unsupported by substantial evidence. Plaintiff also contends the ALJ erred at Step Five in finding the Commissioner met his burden of identifying other jobs that she was able to perform.

**I.  The ALJ did not err at Step Four in determining Plaintiff's RFC.**

Plaintiff alleges the ALJ erred as a matter of law by assessing her exertional level before assessing her RFC on a function-by-function basis, arguing this violates SSR 96-8p. This argument is unpersuasive.

An ALJ's decision is not defective because the section of the opinion concerning the claimant's RFC begins by stating the ALJ's conclusion and then discussing the evidence leading to that conclusion. *See*, *e.g.*, *Benckeser v. Berryhill*, No. 4:17-CV-00559-DGK, 2018 WL 3474086, at *4 (W.D. Mo. July 19, 2018). What matters is whether there is a discussion of the evidence and whether the evidence supports the conclusion. Further, an ALJ complies with SSR 96-8p even if she does not make explicit findings with respect to every possible functional limitation. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003). Although an ALJ may not ignore evidence or potential limitations, she is not required to "mechanically list and reject every possible [RFC] limitation." *See McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). Here, the ALJ began the portion of her opinion discussing Plaintiff's RFC by stating the RFC finding in

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

Case 4:19-cv-00412-DGK   Document 15   Filed 06/16/20   Page 3 of 6

bold, R. at 33, and then discussing in detail the evidence leading to that conclusion. R. at 34-39. Since evidence supports the conclusion, there was no error.

Plaintiff's argument that the RFC determination is unsupported by substantial evidence is likewise unavailing. For example, Plaintiff contends the ALJ erred because she acknowledged at Step Two that Plaintiff had moderate limitations in concentration, persistence, and maintaining pace, but then at Step Four did not include any limitations in the RFC on Plaintiff's ability to complete tasks in a timely matter. What Plaintiff overlooks, however, is that the RFC determination limited Plaintiff to "simple, routine, repetitive tasks," and "simple" work-related decisions, and the Eighth Circuit has held that limiting a claimant to simple and repetitive work adequately accounts for moderate limitations in concentration, persistence, or pace. *See*, *e.g.*, *Harvey v. Colvin*, 839 F.3d 714 (8th Cir. 2016); *Tyman v. Colvin*, No. 4:12-CV-W-01022-REL, 2014 WL 467517, at *13 (W.D. Mo. Feb. 6, 2014) ("The Eighth Circuit has held that a limitation to simple, repetitive, and routine tasks adequately captures a plaintiff's deficiencies in concentration, persistence, and pace.").

Plaintiff also argues the ALJ's decision is unsupported because she weighed the various doctors' opinions in the record erroneously. For example, Plaintiff contends the ALJ should not have given more weight to the opinions of a consultative examiner, Dr. Lindsay Schwartz, D.O., and a state-agency medical consultant, Dr. Kevin Threlkeld, M.D., than she gave to the opinion of Plaintiff's treating doctor, Dr. Christine Moore, D.O. The ALJ did not err because she explained why she gave these opinions the weight she gave them, R. at 37-38, and these reasons are supported by substantial evidence in the record. Dr. Moore opined that Plaintiff suffered from debilitating headaches and pain; had a severely limited ability to sit, stand, walk (including being unable to stand and walk for less than one hour a day), as well as use arms and feet; and she also suffered from severe postural limitations. R. at 919-21. The ALJ's reasons for discounting these

4

opinions—that they were "not supported by the record as a whole, including the routinely normal musculoskeletal and neurological findings, intermittent mild findings, lack of frequent complaints, the claimant's daily activities, and the conservative treatment" she received—are supported by substantial evidence. The record shows that although Plaintiff sometimes had muscle spasms or tenderness, she frequently had a normal gait, intact sensation, normal motor strength and tone, full range of motion in her neck and back, and no motor deficits. R. at 35, 497, 524, 555, 564-65, 829-30, 847, 855, 882-83, 1209, 1219, 1226, 1245. She did not receive treatment from a neurologist for her headaches/seizures, nor did she see a rheumatologist for fibromyalgia. R. at 35. The record also shows Plaintiff engaged in a variety of daily living activities that were inconsistent with Dr. Moore's findings. She cared for her mother and a granddaughter; she traveled to Florida where she went to various amusement parks; and she could perform lawn work and laundry. R. at 74, 79-81, 628, 631. On the other hand, the opinions of Drs. Schwarz and Threlkeld are more consistent with the record, including the routinely normal musculoskeletal and neurological findings, lack of frequent complaints, and conservative treatment. Hence, substantial evidence in the record supports the ALJ's decision.

**II.     The ALJ did not err in finding the Commissioner sustained his burden at Step Five.**

Plaintiff also contends the ALJ erred at Step Five in finding that the Commissioner sustained her burden of identifying other jobs that exist in significant numbers in the national economy that Plaintiff could perform. Plaintiff contends the basis for this finding, the vocational expert's ("VE") testimony, was flawed because it conflicted with information in the Dictionary of Occupational Titles ("DOT"), and the ALJ did not resolve the conflicts between the two. More specifically, Plaintiff argues the ALJ limited her to repetitive work and the VE testified that she could work as a document preparer, but the DOT states that the job of document preparer requires the ability to perform a "variety" of duties. Thus, the VE testified inconsistently with the DOT.

5

This argument is meritless. A limitation in the RFC to repetitive work does not conflict with the duties of a document preparer. *Thornsberry v. Comm'r of Soc. Sec. Admin.*, No. 4:17-0531-CV-RK, 2018 WL 6716698, at *4 (W.D. Mo. Dec. 21, 2018). But, assuming for the sake of argument that Plaintiff could not work as a document preparer, she does not contest the ALJ's finding that she could work as either a semiconductor bonder or ampoule sealer, which the ALJ cited at Step Five and which the VE testified comprised about 90,000 and 54,000 jobs in the national economy. R. at 40, 96. Either of these jobs alone would satisfy the Commissioner's burden at Step Five, making any error concerning whether Plaintiff could perform the job of document preparer harmless. *See Welsh v. Colvin*, 765 F.3d 826, 930 (8th Cir. 2014) (affirming the ALJ's Step Five finding the claimant could perform a significant number of jobs where 330 positions existed in the state and 36,000 existed nationally).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   June 16, 2020                          /s/ Greg Kays
                                               GREG KAYS, JUDGE
                                               UNITED STATES DISTRICT COURT